# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1)** **CHERYL COOPER and** | ) | |
| **(2)** **MARILYN WILLIAMS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 16-CV-687-TCK-tlw** |
| | ) | |
| **(1)** **OCCIDENTAL PETROLEUM** | ) | |
| **CORPORATION,** | ) | |
| **(2)** **OCCIDENTAL PETROLEUM** | ) | |
| **CORPORATION 2015** | ) | |
| **SUPPLEMENTARY SEPARATION** | ) | |
| **PLAN, and** | ) | |
| **(3)** **OCCIDENTAL PETROLEUM** | ) | |
| **CORPORATION EMPLOYEE** | ) | |
| **BENEFITS COMMITTEE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Before the Court is the Motion to Dismiss (Doc. 12) filed by Defendants Occidental Petroleum Corporation ("OPC"), Occidental Petroleum Corporation 2015 Supplementary Separation Plan ("2015 SSP" or "the Plan"), and Occidental Petroleum Corporation Employee Benefits Committee ("Committee") (collectively, "Defendants"). Defendants filed their motion pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").

## I. Factual Allegations

Plaintiff Cheryl Cooper ("Cooper") has been employed with OPC in the Human Resources Department since 2010. Plaintiff Marilyn Williams ("Williams") was employed with OPC from 2000 until her retirement in January of 2016. Both Cooper and Williams (collectively, "Plaintiffs") worked for OPC in September 2015, when OPC issued the 2015 SSP. The 2015 SSP provided specified severance payments and benefits to employees who voluntarily elected to separate from

OPC and who met specified eligibility criteria. One of the criteria stated that OPC must "determine[]

that based on business needs, your separation from employment will result in a position elimination,

cost savings, or other operational efficiencies." ("Criterion 6") (Mot. to Dismiss, Ex. 1.)[1]

In order to participate in the 2015 SSP, eligible employees were instructed to execute and

return a form ("Acknowledgment Form") between September 1, 2015 and October 19, 2015 (the

"Window"). (*Id.*) Each Plaintiff received an Acknowledgment Form setting forth the estimated

amount of her separation payments and her estimated date of separation from employment. (Resp.

to Mot. Ex. 1.) Plaintiffs both completed and returned Acknowledgment Forms within the Window.

Several days after the Window closed, Plaintiffs were advised that they were not eligible for the 2015

SSP. Both Plaintiffs later received an email stating that "based on business needs, we are not able

to eliminate your position, demonstrate other cost savings or other operational deficiencies."

(Compl. 4-5.) Williams retired from OPC on January 15, 2016, without the benefits of the 2015

SSP. Cooper has continued to work for OPC.

The 2015 SSP set forth a procedure for employees to appeal a decision denying benefits.

Plaintiffs appealed the decisions denying their respective applications for benefits to OPC (as the

---

[1] The factual allegations recited herein are taken from Plaintiffs' Complaint (Doc. 2) and certain exhibits attached to Defendants' motion to dismiss (Doc. 12) and Plaintiff's response (Doc. 13). The exhibits include the Summary Plan Description for the 2015 SSP and copies of Acknowledgment Forms relating to the 2015 SSP that were completed by Plaintiffs. Both parties agree that inclusion of these materials does not convert Defendants' motion to dismiss under Rule 12(b)(6) to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The 2015 SSP is integral to and referenced in Plaintiffs' Complaint, both parties have cited the 2015 SSP and the Acknowledgment Forms, and there is no apparent dispute as to their authenticity. Therefore, the Court finds that inclusion of the exhibits does not convert the motion to dismiss to one under Rule 56. *See Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008) (quoting *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253-54 (10th Cir. 2005) (holding that "a document central to the plaintiff's claim and referred to in the complaint may be considered in resolving a motion to dismiss, at least where the document's authenticity is not in dispute")).

Plan Sponsor). Both Plaintiffs' appeals were denied. Plaintiffs further appealed the denial of their

claims to the Committee. On May 25, 2016, the Committee denied Williams' appeal, and on June

10, 2016, it denied Cooper's appeal.

On November 15, 2016, Plaintiffs filed a Complaint (Doc. 2) in this Court, asserting claims

under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA").

Plaintiffs contend the denial of their benefits was based on an interpretation of the Plan that "is

arbitrary and capricious and cannot be reconciled with the actual Plan language," and that the review

of the denial of benefits was not compliant with ERISA. (Compl. 7.) Plaintiffs allege, *inter alia*,

that others within the same department were granted benefits under the 2015 SSP. (*Id.*) Plaintiffs

also allege the language of the Plan was "ambiguous by design and subject to interpretation of OPC

and the Committee," in violation of ERISA. (*Id.* 8.) Plaintiffs seek an award of past due benefits;

an order enjoining Defendants "from interpreting the Plan in a manner that is consistent with the

order of past due benefits"; and an award of reasonable attorney fees, costs, and prejudgment interest

pursuant to 29 U.S.C. § 1132(g)(1).

On December 16, 2016, Defendants filed the pending motion to dismiss. Defendants argue

that Plaintiffs have failed to state a claim because they are not "participants or beneficiaries" of the

2015 SSP and therefore lack standing to bring a civil action under ERISA.

## II.     Rule 12(b)(6) Standard

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether a

plaintiff has stated a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to

dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its

face." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotation marks omitted). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Id.* (emphasis in original). The Tenth Circuit has interpreted "plausible," as used by the United States Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins v. Okla., ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.*

## III.    Analysis

Plaintiffs have asserted claims pursuant to ERISA as "eligible employees, participants and beneficiaries" of the 2015 SSP. (Compl. 7.) Defendants contend Plaintiffs were not participants in the 2015 SSP because OPC determined that Plaintiffs' separation would not result in "a position elimination, cost savings, or other operational efficiencies," and therefore they did not satisfy Criterion 6. (Mot. to Dismiss 4-5). Defendants have not challenged the Court's jurisdiction over Plaintiffs' ERISA claims. Nor do they contend Plaintiffs lack standing under Article III of the United States Constitution. Rather, Defendants argue that because Plaintiffs "were not and cannot

become participants in the 2015 SSP," the Complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).[2]

ERISA permits a "participant or beneficiary" to bring a civil action (1) "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," 29 U.S.C. § 1132(a)(1)(B); and (2) for relief under 29 U.S.C. § 1109 due to breach of fiduciary duty, 29 U.S.C. § 1132(a)(2). "To be a 'participant,' a plaintiff must either be (1) an employee in, or reasonably expected to be in, currently covered employment; (2) a former employee with a reasonable expectation of returning to covered employment; (3) a former employee with a colorable claim that he will prevail in a suit for benefits; or (4) a former employee with a colorable claim that eligibility requirements will be fulfilled in the future." *Alexander*, 990 F.2d at 539 (citing *Firestone Tire & Rubber Co.,* 489 U.S. 101, 117-18 (1989)). Standing is to be determined as of the time the complaint was filed. *See Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1223 (10th Cir. 2011).

To determine whether Cooper and Williams are entitled to bring claims under ERISA, the Court must first determine under which category each Plaintiff claims to be a "participant." While Cooper remains employed with OPC, Williams retired from OPC in 2016. However, Plaintiffs make

---

[2]  The Court notes that the Tenth Circuit has analyzed standing under ERISA as a jurisdictional issue. *See Alexander v. Anheuser-Busch Cos.*, 990 F.2d 536, 538 (10th Cir. 1993); *Hubbert*, No. 96-1093, 1997 WL 8854, at *2. The Court is obligated to satisfy itself as to its own jurisdiction "at every stage of the proceeding." *Alexander*, 990 F.2d at 538. In order to rule on whether the Complaint properly states a claim under Rule 12(b)(6), the Court must first establish that it has jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 681-83 (1946); *Alexander*, 990 F.2d 536 (vacating district court's judgment for employer in ERISA action due to court's lack of jurisdiction); *see also Hubbert*, No. 96-1093, 1997 WL 8854, at *3. As discussed herein, the Court finds that plaintiffs have colorable claims sufficient to confer standing as participants for the purpose of their ERISA claims.

no distinction in their standing arguments based on Cooper and Williams' current employment status. Rather, each Plaintiff claims to be a "former employee with a colorable claim that [she] will prevail in a suit for benefits" under the 2015 SSP.[3] Plaintiffs contend they both met the eligibility criteria stated in the Plan, but the language was "interpreted in an arbitrary and capricious manner" to exclude them. (Resp. to Mot. to Dismiss 8.) Plaintiffs also allege standing as participants "on the basis of a breach of fiduciary duty when OPC determined they were not eligible for these benefits." (*Id.*) Defendants agree that for purposes of determining whether Cooper has a colorable claim, she should also be treated as a former employee because the 2015 SSP "was a 'window plan,'" and the window for participation "closed in 2015 and will not be reopened." (Reply to Mot. to Dismiss 4 n.2 ("Cooper is like a former employee with respect to the closed window of the 2015 SSP.").)[4] Accordingly, the Court's analysis will treat both Cooper and Williams as "former employees" with respect to the 2015 SSP.[5]

The question, then, is whether Cooper and Williams have colorable claims to benefits under the 2015 SSP. While the Tenth Circuit has not defined "colorable claim," other circuits have defined it as a claim that is "arguable and nonfrivolous." *See, e.g., Davis v. Featherstone*, 97 F.3d 734, 737-

---

[3]  Plaintiffs do not argue that Williams has a reasonable expectation of returning to covered employment or that eligibility requirements will be fulfilled in the future. Therefore, she can be a "participant" under ERISA only if she has "a colorable claim that [she] will prevail in a suit for benefits."

[4]  Defendants attempt to limit this argument to analysis of the "but for" argument asserted in Defendants' reply brief. As explained *infra*, Defendants' "but for" argument was first raised in its reply brief and therefore the Court does not consider it here. However, the Court is persuaded that Cooper should be treated as a former employee for purposes of standing because the 2015 SSP was a "window plan."

[5]  Aside from the fact that Williams retired while Cooper remains employed with OPC, the relevant facts alleged in the Complaint are the same for both Cooper and Williams.

38 (4th Cir. 1996); *Panaras v. Liquid Carbonic Indus.*, 74 F.3d 786, 790 (7th Cir. 1996). In an unpublished decision, the Tenth Circuit has adopted this definition. *See Hubbert v. Prudential Ins. Co. Of Am.*, No. 96-1093, 1997 WL 8854, at *3 (10th Cir. Jan. 10, 1997) (unpublished) (noting that "a claimant need only present an 'arguable and nonfrivolous' claim for benefits to satisfy the 'colorable' requirement," and concluding that because plaintiff's theory of recovery "has not been foreclosed by prior case law," it was "arguable and nonfrivolous").

If, as Defendants argue, Plaintiffs lack standing to pursue their claims, then any denial by OPC under Criterion 6 would be unreviewable under ERISA. The Court finds that such an outcome would be inconsistent with ERISA's civil action provision. In *Firestone*, the Supreme Court held that a denial of benefits challenged under § 1132(a)(1)(B) is subject to de novo review "*unless* the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone*, 489 U.S. at 116 (emphasis added). In the latter case, a more deferential standard is appropriate. *Id.* at 110-11 (explaining that "ERISA abounds with language and terminology of trust law" and that "a deferential standard of review [is] appropriate when a trustee exercises discretionary powers"). Defendants' argument would immunize the decision to deny benefits from even the deferential review contemplated in *Firestone*.

Defendants' argument is also inconsistent with language in the 2015 SSP. The Plan explains that a review of a claim for benefits by the Committee (as Plan Administrator) will take place within a specified time period, and "notice of its decision will include specific reasons for its decision and specific references to the provisions of the 2015 SSP on which its decision is based and will include a statement describing your right to bring an action under Section 502(a) of ERISA." (Mot. to Dismiss Ex. 1.) The 2015 SSP informs employees that they may challenge a denial of benefits in

"in a state or Federal court." (*Id.*) Such decision is reviewable under the arbitrary and capricious standard, as explained in the Plan. (*Id.* ("The Plan Administrator has discretionary authority to determine who is eligible for coverage and to determine eligibility for benefits under the Plan. . . . The Named Fiduciary shall be deemed to have properly exercised such authority unless it has abused its discretion hereunder by acting arbitrarily and capriciously.").)

To support their contention that Plaintiffs lack standing, Defendants rely upon *Martin v. General Motors Corporation*, 753 F. Supp. 1347 (E.D. Mich. 1997). In *Martin*, an employer notified certain employees of an early retirement program with specified eligibility criteria. Employees who approached management about the program "on their own initiative" could participate, but only subject to management's discretion. *Martin*, 753 F. Supp. at 1350. The court held that the plaintiff lacked a colorable claim to benefits because the plan gave management "the final decision as to whether it is in GM's best interest to separate the employe[e]" in such instances, and because of "the undisputed fact that General Motors did not select him." *Id.* at 1354. Defendants argue that, like the plaintiff in *Martin*, Cooper and Williams were not selected to participate in the 2015 SSP. The Court finds this case distinguishable from *Martin*. In *Martin*, the plaintiff had taken a 60-day leave of absence and never received notice of the plan from the employer; rather, he later obtained a copy from a friend. The court determined that Martin had used his leave to seek other work and that "it was apparently clear to General Motors that no special incentives were necessary to convince him to terminate his employment, since he voluntarily quit to pursue" another job. *Id.* at 1354. The plaintiff in *Martin* also failed to allege "that he was ever offered or selected for participation" in the separation plan. *Id.* at 1350. The court cited a Second Circuit case cautioning against the expansion of ERISA's definition of "participant" to "former employees of many years past or others with no

8

colorable claim to benefits." *Martin*, 753 F. Supp. at 1352 (citing *Saladino v. I.L.G.W.U. Nat. Retirement Fund*, 754 F.2d 473 (2d Cir. 1985)). The Second Circuit had reasoned that the term "participant" should be limited to "identifiable persons with a substantial interest in the matters conveyed," rather than "an amorphous, undefined group of individuals who lack any such interest." *Id.* (citing *Saladino*, 754 F.2d at 476-77)). The court in *Martin* emphasized that "Martin was not entitled to nominate himself" for the program without the employer's approval. *Id.* at 1354.

Here, in contrast, the Complaint alleges that Cooper and Williams "[a]t all times . . . were participants who were eligible for the benefits of the Plan," and that they applied for benefits under the 2015 SSP within the required Window. (Compl. 4.) Plaintiffs did not "nominate themselves" for the Plan – to the contrary, Plaintiffs contend (and Defendants do not dispute) that they received not only the plan summary, but also individualized Acknowledgment Forms that detailed each Plaintiff's estimated early separation date and estimated payments under the 2015 SSP. (*See* Resp. to Mot. to Dismiss 5-6 & n.1.) Moreover, OPC allegedly treated them as eligible employees until after they had applied for benefits, when OPC informed them that they were not eligible.

Defendants' other cases are also distinguishable. In *Walker v. Mountain States Telephone & Telegraph Co.,* 645 F. Supp. 93 (D. Colo. 1986), plaintiffs were retirees who had retired under a supplemental separation program for nonmanagement employees. Later, a more generous separation plan, which previously was only offered to higher-level management employees who had been declared "surplus," was expanded to include the plaintiffs' former positions. The court rejected plaintiffs' argument that they were "participants" in the management severance plan, because at the time of their retirement, they were only eligible for the nonmanagement plan. The court granted defendants' motion for summary judgment, finding that at the time of plaintiff's retirement, the

9

management severance plan was limited to employees who "have been designated as surplus and are terminating employment . . . for that reason." *Walker*, 645 F. Supp. at 94.[6] In contrast to this case, plaintiffs were not offered the chance to participate in the plan at issue, nor did plaintiffs challenge the decision to deny them participation until the management plan was expanded, after their retirement.

Defendants also rely upon *Alexander*, in which the Tenth Circuit (1) found that plaintiff lacked a colorable claim because his preexisting condition was excluded by the plain language of the policy, and (2) rejected plaintiff's estoppel argument that the plan's coverage should be interpreted more broadly as contrary to established case law. *Alexander*, 990 F.2d at 539. The plaintiff argued that when he chose to enroll in the plan, he relied on the employer's misrepresentation and failure to provide information regarding the scope of the "preexisting condition" exclusion. The court held that even if the plaintiff was misled, any misrepresentations by the employer did not expand the plan's coverage beyond the plan's plain language. *Id.* In contrast, Plaintiffs here do not seek to enlarge the coverage of 2015 SSP beyond the "plain language" of the Plan. Rather, Plaintiffs challenge the decision to exclude them from the Plan, and the review of the decision by OPC and the Committee, as arbitrary and capricious.

In their reply brief, Defendants for the first time argue that Plaintiffs' claims are foreclosed by Tenth Circuit case law rejecting the "'but-for' exception to ERISA standing." (Mot. to Dismiss 3 (citing *Hansen*, 641 F.3d at 1225)). Defendants failed to raise the "but-for" standing argument in

---

[6] The court in *Walker* had earlier certified a class under ERISA and dismissed the state law claims as preempted by ERISA; in the decision cited by Defendants, the court reversed its preemption ruling and permitted the plaintiffs to amend their complaint to assert common law claims.

their motion.  The Court finds it improper to consider an argument or theory first raised in a reply

to which Plaintiff lacked a meaningful opportunity to respond.  *See United States v. Herget*, 585 F.

App'x 948, 951 (10th Cir. 2014) (argument raised for first time in reply brief in district court

considered waived on appeal).  The Court will not consider this argument for purposes of

Defendants' motion to dismiss because it was raised for the first time in the reply brief.

In their Complaint, Plaintiffs have exercised their right to challenge the denial of benefits in

court, as provided under ERISA and explained in the Plan itself.  The Court finds that Plaintiffs have

a colorable claim sufficient to confer standing to challenge OPC's denial of benefits, and therefore

Plaintiffs are "participants" entitled to seek review pursuant to ERISA of the denial of benefits under

the 2015 SSP.

## IV.     Conclusion

Defendants' Motion to Dismiss (Doc. 12) is DENIED.

**SO ORDERED this 1ˢᵗ day of May, 2017.**


**TERENCE KERN**
**United States District Judge**